UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JASON LANDIS, | : | Case No. 1:06-cv-201 |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| JOHN BUCHHOLZ, | : | |
| Defendant. | : | |

### REPORT AND RECOMMENDATION[1]  THAT PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT (Doc. 24) BE GRANTED IN PART AND DENIED IN PART

This case is before the Court on plaintiff's motion for leave to amend his complaint (Doc. 24) and defendant's memorandum in opposition (Doc. 26).

Plaintiff initiated this action by filing a motion for leave to proceed *in forma pauperis* and tendering a *pro se* complaint.  (*See* Doc. 1.)  The motion was granted and the complaint was filed on April 11, 2006.  (Doc. 3.)  On June 12, 2006, defendant filed his answer.  (Doc. 10.)

Plaintiff seeks a declaratory judgment and an award of damages based on his claims, *inter alia*, of malicious prosecution and false imprisonment.  He alleges in part that defendant, a detective sergeant with the Oxford Police Department, violated his rights of due process and equal protection by failing to properly investigate a rape charge

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

brought against plaintiff and by withholding exculpatory evidence from him.  (*See* Doc. 3.)   Plaintiff was acquitted on the rape charge following a jury trial.  (*See id.* at ¶ 11.)

On October 16, 2006 plaintiff filed a motion requesting permission to amend his complaint to include new evidence that defendant "withheld additional exculpatory evidence from Plaintiff's trial" and that defendant "committed the crime of perjury in the process."  (Doc. 24.)

The Federal Rules of Civil Procedure provide that a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  *Id.*

Leave to amend a complaint must be freely granted when justice requires.  Fed. R. Civ. P. 15(a).  Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits."  *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987).   "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'"  *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citation omitted).  Denial of a motion to amend is proper "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 517 U.S. 1121 (1996).

A proposed amendment is futile if it would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Thiokol Corp. v. Department of Treasury*, 987 F.2d

376, 382 (6th Cir. 1993); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980).  Dismissal under Rule 12(b)(6) is proper if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957);  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

In the present case. plaintiff seeks to add allegations that defendant "withheld additional exculpatory evidence" and "committed perjury."  (Doc. 24.)

Review of the complaint shows that plaintiff alleges that defendant "[w]ithheld exculpatory forensic evidence in the form of a neck swab from the alleged victim."  (Doc. 1 at ¶ 40.)  It does not appear that the motion to amend by adding another specific allegation was brought in bad faith or for dilatory purposes, or that it will result in undue delay or prejudice to defendant.  Moreover, contrary to defendant's assertion, an additional allegation would be not futile simply because the complaint already alleges that certain evidence was withheld.  (*See* Doc. 26; *see also* Doc. 1 at ¶ 40.)

On the other hand, an amendment adding an allegation that defendant committed perjury would be futile because perjury is a crime and does not give rise to a civil cause of action.  *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002); *Schmidt v. State Aerial Farm Statistics, Inc.*, 62 Ohio App. 2d 48, 50, 403 N.E.2d 1026, 1027 (Ohio Ct. App. 1978).

Accordingly, **IT IS HEREIN RECOMMENDED THAT** the motion for leave to amend (Doc. 24) be **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Plaintiff's request to add specific allegations that defendant withheld additional exculpatory evidence should be **GRANTED**; and

(2) Plaintiff's request to add a claim based on defendant's alleged perjury should be **DENIED**.


Date:  11/14/06                          s/Timothy S. Black
                                                 Timothy S. Black
                                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JASON LANDIS, | : | Case No. 1:06-cv-201 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| JOHN BUCHHOLZ, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **FIFTEEN DAYS** after the date this Report and Recommendation is stamped "filed" by the Clerk of Court.  This period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).